IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION NO. 12-662 |
| v. | : | CIVIL ACTION NO. 14-7259 |
| | : | |
| RAFAEL MINAYA-YANGER | : | |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                              MAY 13, 2015

**Introduction**

Mr. Rafael Minaya-Yanger admitted his guilt of the crime of illegal re-entry after deportation following conviction for an aggravated felony, a violation of 8 U.S.C. §1326(b)(2). The prior aggravated felony concerned Mr. Minaya-Yanger's plea of guilty in 2007 to trafficking in five kilograms or more of cocaine, his conviction for which prompted his sentence of 40 months in federal prison and deportation.   For the illegal re-entry conviction at hand, Mr. Minaya-Yanger was sentenced to a term of 48 months, on the low end of a 46-to-57 month Guideline range.

Following a voluntarily withdrawn appeal, Mr. Minaya-Yanger elected to pursue a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255.   The upshot of Mr. Minaya-Yanger's Motion is that the assistance rendered to him by his counsel was constitutionally ineffective because, he claims, his lawyer failed to explain to him - - and then failed to successfully invoke - - the so-called "Fast Track" program.[1]   The Government opposes the Motion, and for the reasons that follow, the Court denies it.

---

1 "Fast Track" programs for defendants charged with illegal re-entry provide that under certain circumstances defendants charged with 8 U.S.C. §1326 offenses may be, at the time of sentencing, eligible for the Government's consideration of a downward departure motion pursuant to Guideline §5K3.1.  The District's United States Attorney has the discretion to implement a district fast track program within general guidelines while retaining the discretion to limit or deny any given defendant's participation in the program.   A defendant does not have a right, per se, to participate in the program, and exclusion from such a program is often one by-product of a prior drug trafficking conviction such as that which Mr. Minaya-Yanger has on his criminal history record.

**Discussion**

Mr. Minaya-Yanger asserts that his counsel failed to inform him that there was a "fast track" program for those who plead guilty at an early stage and that his lawyer was otherwise constitutionally ineffective for not having "request[ed] [a] downward departure" under a "fast track" program.[2] Consequently, Mr. Minaya-Yanger's claims are governed by the analysis constructed by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984). The Strickland test has two components: inadequate performance by counsel *and* prejudice flowing from the inadequate performance. Analytically, even if counsel's performance falls below the applicable standard of care, the client cannot attain relief unless the client also shows that counsel's unprofessional errors actually visited some palpable prejudice on the defense. Strickland U.S. at 687. With the burden to establish the requisite prejudice, the defendant must show that the error(s) had some identifiable effect on the outcome of the proceeding to the client's detriment. Stated otherwise, the client is obliged to show that "but for" the defense lawyer's errors the outcome would have been different, i.e., less unfavorable to the defendant. Because it is more efficient " 'to dispose of [the] ineffectiveness claim on the ground of lack of sufficient prejudice… that course [will] be followed' " here in this case. Rainey v. Varner, 603 F. 3d 189, 201 (3d Cir. 2010) (quoting Strickland, 466 U.S. at 697).[3]

---

2 The Government asserts that Mr. Minaya-Yanger is tardy in raising this latter ground and, as to the former, elects not to engage in factual dispute as to whether or not counsel did nor did not tell the defendant about "fast track" programs, focusing instead on the substantive issue(s) of whether, under any scenario, a "fast track" option would have realistically been available to or for this defendant and, if so, to what end. The Court, likewise, opts for the same "would it have mattered?" analysis.

3 By doing so, the Court is not by any means suggesting that the Court has any reason or inclination to doubt (a) that defense counsel fully and candidly informed the defendant of all relevant considerations attendant to the choice of pleading guilty or not, and/or (b) that defense counsel met all applicable professional standards of care and performance. Indeed, as a review of the transcript from the January 29, 2013 Change of Plea hearing and the April 25, 2013 Sentencing hearing demonstrate, defense counsel was fully engaged in informing the defendant of his rights, obligations and options and in informing the Court through passionate argument of, inter alia, defendant's family's personal and financial needs, his education, his history of hard work and the like. Counsel argued at length against the application of a 16-level enhancement as leading to a greater-than-necessary Guideline sentence. Counsel also argued concerning the interplay of the Guidelines and immigration issues, making what amounted to a de facto "fast track" pitch to the Court.

The Government has stated - - and the Court is generally aware from the on-going management of a busy criminal case docket - - that in the Eastern District of Pennsylvania the U.S. Attorney's office has the discretion to deny a defendant's participation in the "fast track" program if the defendant has a prior drug trafficking conviction.   On the unbalanced basis of Mr. Minaya-Yanger's prior federal conviction for conspiracy to distribute 5 kilograms of cocaine, Mr. Minaya-Yanger was not a candidate for this District's "fast track" program.   Accordingly, he would not have had any option to consider a "fast track" plea agreement because none would have been afforded to him, whether or not his lawyer tried to negotiate one.   In other words, no Guideline §5K3.1 Government motion for a "fast track" downward departure would have ever been in the offing in this case and no amount of defense clamoring for such a departure would have been successful in the absence of a Government motion.

Therefore, Mr. Minaya-Yanger cannot establish that he was prejudiced by his lawyer's alleged short comings, and his §2255 Motion must be denied.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge
